# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kimberly Ann Neske *individually and as heir and as Special Administrator on behalf of the* Estate of James Neske, <br><br> Plaintiff, <br><br> v. <br><br> Las Vegas Metropolitan Police Department, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01315-RFB-BNW <br><br> **ORDER** |

## I. Background

Before the Court is non-party Nevada Department of Public Safety, Parole and Probation Division's motion to quash a subpoena regarding Francisco Enrique Vidal, also a non-party to the case. ECF No. 21. Plaintiff subpoenaed the current address, phone number, and email address for Mr. Vidal, who is a parolee. Nevada Parole and Probation contends that the records sought are confidential pursuant to NRS 213.1075. It also states that "courts often look at whether reasonable efforts to locate an individual had been exhausted prior to issuing the subpoena duces tecum," and it does not take issue with Plaintiff's representations that Plaintiff has made all reasonable efforts to locate Mr. Vidal. In short, Nevada Parole and Probation is simply trying to ensure it complies with NRS 213.1075 and does not improperly disclose information.

Plaintiff responds that Francisco Enrique Vidal is an important witness in this case, as he witnessed the death of James Neske. ECF No. 23. Plaintiff, the Estate of James Neske, is currently suing defendants for wrongful death, among other claims. As a result, Plaintiff argues that under NRS 213.1075, it qualifies as someone "entitled to receive such information." Plaintiff also details the unsuccessful searches conducted to locate Mr. Vidal. Lastly, Plaintiff represents that Mr. Vidal filed a civil rights complaint himself regarding the death of Mr. Neske.

Nevada Parole and Probation's reply largely repeats the arguments made in its moving papers. ECF No. 24.

## II.      Analysis

Federal Rule of Civil Procedure 45(d)(3) provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." F.R.C.P. 45(d)(3)(A)(iii) and (iv). The burden of proving that a subpoena imposes an undue burden or requires disclosure of confidential information is on the person seeking to have it quashed. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (the burden of persuasion on a motion to quash a subpoena is borne by the movant); *Diamond State Ins. Co. v. Rebel Oil Co*., 157 F.R.D. 691, 698-700 (D. Nev. 1994). However, the party issuing the subpoena must demonstrate, in turn, that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Green*, 226 F.R.D. at 654. In all controverted cases, it is up to the court to strike a balance between the degree of relevance of the requested material, the severity of the burden on the subpoenaed person or entity, and the utility of the protective mechanisms provided by the Federal Rules. 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2013).

Here, Nevada Parole and Probation argues that Mr. Vidal's contact information is privileged under NRS 213.1075. This statute provides as follows:

> Except as otherwise provided by specific statute, all information obtained in the discharge of official duty by an employee of the Division or the Board is privileged and may not be disclosed directly or indirectly to anyone other than the Board, the judge, district attorney or others entitled to receive such information, unless otherwise ordered by the Board or judge or necessary to perform the duties of the Division.

Nev. Rev. Stat. Ann. § 213.1075 (West).

Here, Plaintiff demonstrated that the information sought is relevant and material to its claims, as Mr. Vidal witnessed the death of Mr. Neske. Nevada Parole and Probation generally established that the information would be protected by NRS 213.1075, unless Plaintiff is "entitled to receive such information" under the statute or a judge orders otherwise. Neither party

developed persuasive legal arguments regarding whether Plaintiff is "entitled to receive such information" under the statute. However, the Court will order Nevada Parole and Probation to provide Plaintiff with Mr. Vidal's current address, e-mail, and phone number. The Court interprets NRS 213.1075 as providing it discretion to order the disclosure of protected information in appropriate cases. The Court deems it appropriate for Nevada Parole and Probation to release Mr. Vidal's contact information to Plaintiff, as (1) Mr. Vidal appears to be a critical witness for Plaintiff's case; (2) Mr. Vidal filed his own suit related to Mr. Neske's death and thus may want to be in contact with Plaintiff's counsel; (3) Plaintiff is seeking very limited information about Mr. Vidal; (4) Plaintiff has tried several other ways of obtaining Mr. Vidal's contact information; and (5) Nevada Parole and Probation does not suggest that releasing Mr. Vidal's contact information to Plaintiff's counsel may be harmful; it appears that Nevada Parole and Probation only sought to quash the subpoena to avoid violating the statute, not because it otherwise views releasing Mr. Vidal's contact information as problematic.

As a result, the Court will deny the motion to quash. Nevada Parole and Probation shall provide Plaintiff with Mr. Vidal's current address, e-mail, and phone number. Plaintiff shall not disclose that information to anyone and may only use it to contact Mr. Vidal regarding this lawsuit.

**IT IS THEREFORE ORDERED** that Nevada Parole and Probation's motion to quash (ECF No. 21) is DENIED.

**IT IS FURTHER ORDERED** that the hearing set for May 12, 2022 is VACATED.

DATED: March 31, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE